UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES E. SPEED, ET AL.                                    PLAINTIFFS


VS.                                    CIVIL ACTION NO. 3:04-CV-909LN


AMSOUTH BANCORPORATION, ET AL.                            DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of certain plaintiffs for partial summary judgment, and on the motion of defendants to dismiss plaintiffs' fraud claim.  The motions have been fully briefed and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that both motions should be denied.

This case was filed by forty-eight plaintiffs on August 31, 2004, seeking to recover damages stemming from investment losses they directly attribute to alleged misrepresentations by defendant James Moorehead, an investment advisor employed by defendant AmSouth Investment Services (AIS), a registered broker/dealer in the securities business.  Their complaint asserts putative causes of action for violation of certain federal statutes, as well as state law claims for fraud, misrepresentation, breach of fiduciary duty, negligence and/or gross negligence, negligent and/or intentional infliction of emotional distress, conversion, invasion

of privacy, violation of state securities laws and conspiracy, all
of which are grounded on their allegation that Moorehead induced
plaintiffs, all of whom were unknowledgeable and unsophisticated
in matters of finance and investment, to purchase unsuitable
securities based on his misrepresentation that the investments
were safe and suitable for their needs, as a result of which they
suffered significant losses in their investments.  Defendants
previously moved for summary judgment as to the claims of two of
these plaintiffs, Millard and Elizabeth Woods, on the basis that
their claims were barred by the applicable three-year statute of
limitations under Mississippi Code Annotated § 15-1-49.
Defendants argued that the Woods' claims were grounded solely on
their allegation that AIS broker James Moorehead recommended the
purchase of certain annuities and misrepresented to them that they
would not lose their principal; that the Woods' claims accrued at
the time of the transaction by which the objectionable annuities
were purchased; and that the doctrine of fraudulent concealment
did not apply to toll the limitations period because they had
failed to show they had exercised due diligence to discover their
claims.  The court agreed that the Woods' claims accrued at the
time of their transaction, March 1, 2000, and concluded that the
evidence did not support application of the doctrine of fraudulent
concealment to toll the statute of limitations on the Woods'
claims.  In particular, Elizabeth Woods' deposition testimony

conclusively established that Woods' claims were, in fact, based on the alleged misrepresentation by Moorehead that their principal was safe and secure and could not be lost, and that more than three years prior to the date on which suit was filed, the Woods knew they had suffered significant losses to their principal investment and thus knew they had been misled by Moorehead and yet did nothing to investigate their claim.

Although defendants evidently envisioned their summary judgment motion as to the Woods' claims as a "test" motion, and believed it likely that a favorable resolution on the motion would prove determinative of the limitations issue as to all the remaining plaintiffs' claims (given that all the plaintiffs' allegations were identical), plaintiffs did not share defendants' view, and on May 5, 2006, filed a motion for partial summary judgment as to the claims of twenty-three of the remaining plaintiffs, namely, Catherine Boyd and Leroy H. Boyd, Guy Critz and Nancy Critz, Prentiss M. Gordon and Mary Lee B. Gordon, Jackie Harris, Walter James Hollingshed, Henry P. Hudspeth, Edna Kennedy, Howard James Shurden and Polly Shurden, Arthur M. Sisk and Mary E. Sisk, Jarod K. South, Parvin M. South and Ida South, James E. Speed, Zelma Talley, John Vozzo and Rosa E. Vozzo, and Carl Williams seeking a ruling in their favor on defendants' statute of limitations defense and on plaintiffs' claim that defendants owed then a fiduciary duty as a matter of law.

Defendants responded in opposition to plaintiffs' motion and filed a cross-motion to dismiss plaintiffs' fraud claim pursuant to Federal Rule of Civil Procedure 9 for failure to plead fraud with specificity.  Plaintiffs have responded in opposition to defendants' cross-motion.  Having considered these motions, the court now concludes that plaintiffs have failed to demonstrate that summary judgment is appropriate as to either defendants' limitations defense or as to plaintiffs' claim that as a matter of law, a fiduciary duty existed between them and defendants.

As to the fiduciary duty issue, in the court's opinion, the fact that there was a broker/client relationship between plaintiffs and defendants, without more, does not necessarily compel a conclusion that the relationship was a fiduciary one; and this is so notwithstanding the testimony by defendants and their representatives that they believed their clients' interests should be paramount.[1]  Although the circumstances of such relationships often will suggest, or perhaps even dictate a finding that there is a fiduciary relationship, that is not always so, and here, plaintiffs have offered nothing substantive to support such a

---

[1]     Plaintiffs insist that the depositions of one or more of the defendants and their representatives, in which they agreed that defendants should put their clients' interests above their own in offering investment advice and selling investment securities, established beyond reasonable dispute that defendants owed plaintiffs a fiduciary duty.  The court cannot agree.  While such evidence may be relevant, it is hardly conclusive on this issue.

4

finding.  There is no evidence concerning the particular

relationship of any plaintiff to any defendant, such as, for

example, evidence as to the length of the relationship; the

relative knowledge of the parties; the extent of any plaintiff's

reliance on any defendant's advice; or specific instructions, if

any, involved in the challenged purchases or the relationship more

generally.  The simple fact that there was a broker/client

relationship is not dispositive; and without any additional facts

to support the finding of a fiduciary relationship, summary

judgment may not properly be granted on this issue.

Plaintiffs' motion with respect to defendants' limitations

defense is similarly deficient.  As the court understands their

position, plaintiffs reason that since, unlike the Woods, they do

not allege that Moorehead or anyone else guaranteed them they

would not lose principal value or that their investments were

risk-free, then unlike the Woods, the fact that they later

sustained losses to their principal investment would not have put

them on notice that what they were told was untrue, and thus,

unlike the Woods, their claims are not time-barred.  Yet all

plaintiffs have demonstrated by their argument is that their

claims are not identical to the Woods' claims so that the fact

that the Woods' claims are time-barred does not necessarily mean

that these plaintiffs' claims are time-barred as well.  Merely to

distinguish their position from that of the Woods does not

establish that these plaintiffs' claims are not barred.  Each

plaintiff's claims accrued on the date of his/her respective

transaction, which was in each case more than three years before

this lawsuit was filed.  Unless the statute of limitations was

tolled, their claims are barred.  Plaintiffs argue that the

doctrine of fraudulent concealment applies, but they have offered

no proof to support application of the doctrine.

The Mississippi Supreme Court has held that to avail

themselves of the doctrine of fraudulent concealment to toll the

running of the limitations period, "plaintiffs have a two-fold

obligation to demonstrate that (1) some affirmative act or conduct

was done and prevented discovery of a claim, and (2) due diligence

was performed on their part to discover it."  Stephens v.

Equitable Life Assur. Society of U.S., 850 So. 2d 78, 83-84 (Miss.

2003).  While plaintiffs have identified no affirmative

concealment, they point out that the Mississippi courts have

indicated that the requirement of an affirmative concealment may

be satisfied by a fiduciary's silence in the face of his duty to

disclose relevant information, see Turnley v. Turnley, 726 So. 2d

1258, 1262 (Miss. App. 1998).  However, as the court has already

concluded, plaintiffs have not established as a matter of law that

a fiduciary duty existed between any plaintiff and any defendant.

Thus plaintiffs have not established the first element of

fraudulent concealment.  Nor have they presented proof to support

6

a finding of due diligence, and indeed, they do not even acknowledge that such proof is required.  For these reasons, it is manifest that summary judgment may not be granted to plaintiffs on defendants' limitations defense.

Defendants have moved to dismiss plaintiffs' fraud claim for failure to plead with specificity, arguing that since the only allegation of fraud set forth in plaintiffs' complaint is their charge that Moorehead misrepresented that their principal was not at risk, and since plaintiffs have now affirmatively stated that they were never told that their principal could not be lost, then as plaintiffs have failed to identify any other misrepresentation, their fraud count must be dismissed.  In light of plaintiffs' allegations of a fiduciary duty which gave rise to duties of disclosure that may not otherwise have arisen, and their allegation that defendants failed to disclose material facts concerning their transactions (including that the transactions were unsuitable in view of plaintiffs' circumstances), the court is hesitant to conclude that plaintiffs have altogether failed to plead their fraud claim with sufficient specificity.  Defendants are certainly entitled to discovery to better define the contours of their claims and to investigate the sufficiency thereof.  The court will therefore deny the motion to dismiss.

Based on the foregoing, it is ordered that plaintiffs' motion for partial summary judgment is denied, as is defendants' motion to dismiss plaintiffs' fraud claim.

SO ORDERED this 15th day of August, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE